Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Carlos E. Adorno Ortega<br><br>Peticionario<br><br>vs.<br><br>Brenda L. Márquez García<br><br>Recurrida | TA2026CE00250 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV01565<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 4 de marzo de 2026.

Comparece el señor Carlos E. Adorno Ortega (Sr. Adorno Ortega o parte peticionaria) mediante un Recurso de *Certiorari*. Nos solicita la revisión de una Orden emitida y notificada el 28 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar la solicitud de vista argumentativa y orden presentada por el peticionario.

Luego de evaluar el recurso presente, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, desestimamos el recurso radicado por el peticionario, por los fundamentos que expondremos a continuación.

**I.**

El 21 de marzo de 2023, el Sr. Adorno Ortega instó una Demanda sobre liquidación de bienes en contra de su excónyuge, la señora Brenda L. Márquez García (Sra. Márquez García o parte recurrida). En síntesis, alegó que, aún no se ha celebrado la venta del bien inmueble adquirido por la extinta Sociedad Legal de Bienes Gananciales constituida por ambos, a pesar de existir una estipulación al respecto en una Sentencia de Divorcio notificada el 19 de marzo de 2007. En vista de lo anterior, peticionó que el TPI ordenara la celebración del otorgamiento de la escritura de compraventa del bien inmueble, entre otros asuntos relacionados.

Luego de una serie de acontecimientos procesales, que no ameritan pormenorización, el 11 de julio de 2024, el foro primario dictó Sentencia Sumaria[1] a favor del peticionario. En lo pertinente, resolvió que la Sra. Márquez García incurrió en inacción mediante acuerdos infructuosos respecto a la liquidación del bien inmueble. Por tanto, decretó que se cumpliera con la estipulación de la Sentencia de Divorcio para la venta de la propiedad en cuestión.

Continuados los procedimientos, el 30 de octubre de 2024, el Sr. Adorno Ortega presentó una Moción de Ejecución de Sentencia, Solicitud de Orden para que se Haga la Tasación del Bien Inmueble y Solicitud de Orden para la Puesta en Venta de la Propiedad. Sostuvo que la parte recurrida ha tenido tiempo para obtener el financiamiento de un préstamo que le permita adquirir la propiedad, por lo que, peticionó que se efectuara la venta a un tercero.

Por su parte, la Sra. Márquez García interpuso una Moción en Cumplimiento de Orden y Réplica el 19 de noviembre de 2024. Arguyó que la tasación que corresponde aplicar es la establecida

---

[1] Notificada al día siguiente.

en la Sentencia de Divorcio, es decir, la estipulada en el año de 2007. Asimismo, indicó que se ha visto impedida de solicitar un financiamiento para comprar la propiedad, puesto que el peticionario se ha aferrado a que se tase la propiedad nuevamente.

Atendidos sus planteamientos, el TPI notificó una Orden el 16 de diciembre de 2024, en la cual dictaminó no ha lugar a la tasación de la propiedad solicitada por el peticionario. Resolvió que ambas partes deben atenerse a lo que dispuesto en la sentencia sumaria.

Tras varias incidencias procesales, el 5 de agosto de 2025, la Sra. Márquez García presentó una Moción Informativa y Solicitud de Orden para Firmar, a la cual adjuntó la carta de aprobación del préstamo del Banco Popular. Examinada su solicitud, el foro primario notificó una Orden en igual fecha, en la cual dispuso que se coordinara con el Sr. Adorno Ortega las gestiones correspondientes. Oportunamente, el 15 de agosto de 2025, la parte peticionaria presentó una Solicitud de Reconsideración y Aclaración del Expediente. Examinados sus planteamientos, el 20 de agosto de 2025, el TPI notificó una Orden, en la cual reiteró que las partes cumplieran con lo determinado en la Sentencia Sumaria dictada el 11 de julio de 2024, es decir, lo estipulado en la Sentencia de Divorcio.

A pesar de lo dispuesto, el 28 de agosto de 2025, la Sra. Márquez García sometió una Segunda Solicitud de Orden para Firmar. Evaluada su petición, el foro primario notificó una Orden el 29 de agosto de 2025, mediante la cual resolvió que el Sr. Adorno Ortega tendría el término de 5 días para firmar la escritura. No obstante, en igual fecha, el peticionario radicó una Moción en Reconsideración y/o una Exposición Definida de la Resolución de Ejecución de Sentencia.

Con posterioridad, el 15 de enero de 2026, presentó una Moción en Solicitud de Vista Para Atender Reconsideración Y Solicitud De Orden. Examinados sus argumentos, el TPI notificó una Orden el 28 de enero de 2025, en la cual declaró No Ha Lugar la Moción en Solicitud de Vista Para Atender Reconsideración Y Solicitud De Orden.

Inconforme, el 28 de febrero de 2026, el Sr. Adorno Ortega acudió ante nos mediante un recurso de *Certiorari*, en el cual esbozó los siguientes señalamientos de error:

> *Primer Señalamiento de Error: Erró el Honorable Tribunal de Instancia al enmendar dos sentencias finales y firmes mediante una interpretación de la parte demandada y parte perdidosa en el pleito, que no hizo alegaciones algunas en torno a la liuidación* [sic] *sino mediante moción informativa en etapa post sentenicia* [sic] *sin fundamento legal alguno ni en el texto de la sentencia, ante la solicitud de la ejecución de las mismas solicitada por el demandante.*
>
> *Segundo Señalamiento de Error: Erró el Honorable Tribunal de Instancia al emitir ordenes contradictorias en torno al proceso de ejecución* [sic] *de sentencia al emitir orden para que se "cumplan específicamente conlo* [sic] *que dispone la sentencia y luego ordenar a firmar una escritura de un préstamo contrario a sentencia e incluso por una canitdad* [sic] *que tampoco cumple con la interpretación de la demandada.*
>
> *Tercer Señalamiento de Error: Erró el Honorable Tribunal de Primera Instancia y abusó de su discresión* [sic] *al permitirle a la parte perdidosa sin haber hecho ningún requerimiento de cuaderno particional ni adjudicación adicional a los hechos de la sentencia e incluir créditos a la demandada que no se contemplan en una sentencia que es clara sobre la distribución de la liquidación de la propiedad una vez transcurrido el término de 10 años de la sentencia final y firme.*

Presentado el recurso, el peticionario, por conducto de su representación legal, sometió una Moción de Justa Causa, acompañada de un documento que contiene la imagen de unos archivos. En virtud de este escrito, alegó que enfrentó problemas tecnológicos con su equipo y con el SUMAC del TA para radicar

oportunamente el recurso. Igualmente, adujo que experimentó problemas de salud que impidieron presentar el recurso en el término establecido. En vista de lo anterior, solicitó que se le permitiera presentar su escrito de *Certiorari* en exceso del término, a la luz de las excusas brindadas como justas causas.

## II.

### A.

Es norma reiterada que, la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales debemos examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Así pues, los foros adjudicativos no tenemos la discreción para asumir la jurisdicción en aquellos contextos en que no la tienen. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 165 (2016); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

La ausencia de tal autoridad no es un asunto que pueda ser subsanado. *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*, a la pág. 883. *Souffront v. A.A.A.,* 164 DPR 663 (2005). En tales casos, ostentamos facultad de desestimar el recurso de conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra*:

> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.* (Citas omitidas).

Cónsono con lo anterior, el inciso (B)(2) de la precitada disposición reglamentaria establece que el foro intermedio

apelativo carece de autoridad para atender aquellos recursos presentados fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello. Regla 83(B)(2) del Tribunal de Apelaciones, *supra.*

**B.**

La Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b), preceptúa el término de cumplimiento estricto de 30 días para radicar el recurso de *Certiorari.* El referido término es prorrogable solo cuando se demuestra la existencia de circunstancias especiales debidamente sustentadas. Íd. De manera similar, la Regla 32(c) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra*, reconoce el término de cumplimiento estricto de 30 días para presentar el recurso de *Certiorari*, a partir a la fecha de la notificación de la determinación recurrida.

Al constituir un término de cumplimiento estricto "los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias". *S.L.G. Szendrey-Ramos v. F. Castillo, supra*, a la pág., 881; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). Ahora bien, los foros adjudicativos no tienen autoridad para prorrogar este término de modo automático. *Lugo v. Suárez,* 165 DPR 729, 738 (2005); *Rojas v. Axtmayer Ent., Inc.*, *supra*, a la pág. 564. Ello, pues, su discreción está limitada a aquellos supuestos en los que exista efectivamente una justa causa para la presentación tardía del recurso, y la parte que lo presenta exponga detalladamente las razones para la dilación. *García Ramis v. Serrallés,* 171 DPR 250, 253 (2007); *Lugo v. Suárez, supra*, a la pág. 738. Sobre este particular, el Tribunal Supremo de Puerto Rico ha dispuesto la siguiente normativa:

> *Hemos manifestado que los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, si están presentes estas dos condiciones: (1) que en efecto exista justa causa para la dilación, y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; esto es, que la parte interesada acredite de manera adecuada la justa causa aludida.* Freire Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 215 DPR __ (2024); *Rivera Marcucci et al. v. Suiza Dairy, supra,* a la pág. 171.

No obstante, es menester explicar que, la falta de justa causa o ante excusas vagas y generales, los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 741, 751 (2023); *Rivera Marcucci et al. v. Suiza Dairy, supra,* a la pág. 168. A esos efectos, no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas, debidamente evidenciadas, que permitan concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Freire Ruiz et al. v. Morales, Hernández, supra; García Ramis v. Serrallés, supra,* a la pág. 254.

**C.**

En aras de garantizar el acceso a la justicia, la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra*[2], instaura las normas relativas a la presentación electrónica de recursos. No obstante, existen una serie de circunstancias que permiten, a modo excepcional, la presentación física del recurso:

> *Se exceptúa de lo anterior: (1) aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por derecho propio, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes;*

---

[2] El 24 de abril de 2025, el Tribunal Supremo de Puerto Rico emitió la Orden Administrativa, OAJP-2025-131, en la cual decretó que, a partir del 16 de junio de 2025, los asuntos competencia del Tribunal de Apelaciones de Puerto Rico se tramitarán exclusivamente a través del Sistema Unificado de Administración y Manejo de Casos (SUMAC).

*(2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente;* ***(3) aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente.*** *Estos documentos u objetos se presentarán físicamente en la Secretaría del Tribunal de Apelaciones, salvo que por orden judicial o administrativa se disponga de otra manera.* Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra.* (Citas omitidas y énfasis suplido).

De mediar alguna de las circunstancias excepcionales discutidas, la Regla 72(A) del referido cuerpo permite la presentación física del recurso antes del vencimiento del término aplicable. En armonía lo anterior, el Poder Judicial adoptó las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo (Directrices Administrativas).[3] El apartado XIX de este cuerpo normativo dispone que, en casos de ocurrir problemas técnicos, la representación legal deberá acoger el siguiente trámite para someter el recurso:

*Cuando la representación legal de una parte no pueda presentar un documento por problemas técnicos del Tribunal Electrónico, ya sea porque la plataforma se encuentre averiada o en mantenimiento, presentará el escrito personalmente en la Secretaría del Tribunal con competencia sobre el caso o lo depositará en el buzón de presentaciones del Centro Judicial correspondiente. Ello deberá ocurrir antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m. Íd.*

De no poder presentar el recurso ante la Secretaría o a través del buzón, la Oficina de Administración de los Tribunales, previa notificación a la comunidad jurídica, podrá autorizar la presentación de los escritos (en formato PDF) mediante los correos electrónicos de los diversos centros judiciales provistos en las Directrices Administrativas. *Íd.* De acoger alguna de las

---

[3] Aprobadas mediante la OAJP-2013-173 de 10 de enero de 2014, según enmendadas por la OAJP-2017-14 de 2 de marzo de 2017, OAJP-2021-088 de 13 de diciembre de 2021, Circular Núm. 21 de 13 de diciembre de 2021, OAJP-2025-131 de 24 de abril de 2025 y la Circular Núm. 26 de 24 de abril de 2025.

alternativas aquí discutidas, la parte presentará una moción para acreditar los esfuerzos realizados para someter su recurso electrónicamente, según exige el apartado XIX de las Directrices Administrativas. A esos fines, deberá radicar la **Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC (Formulario OAT 1728 o Declaración sobre Presentación Física)**.

**III.**

Examinado el recurso presente, nos corresponde desestimar el mismo. Adelantamos que el peticionario, por conducto de su representación legal, no acreditó de forma adecuada la existencia de justa causa para radicar su recurso tardíamente. Por tal razón, estamos impedidos de asumir la jurisdicción sobre el recurso de epígrafe. Veamos.

Surge del expediente ante nos que, el foro primario notificó la Orden recurrida el 28 de enero de 2026. Ante tales circunstancias, precisamos que el Sr. Adorno Ortega debió presentar su recurso ante este Tribunal de Apelaciones en o antes del 27 de febrero de 2026, entiéndase, previo al vencimiento de los 30 días contemplados en la Regla 52.2(b) de Procedimiento Civil, *supra,* y la Regla 32(C) del Reglamento del Tribunal de Apelaciones, *supra.* Sin embargo, sometió su escrito el 28 de febrero de 2026, en exceso del término dispuesto en los cuerpos reglamentarios discutidos.

A los fines de justificar su demora, notamos que el representante legal del peticionario indicó que: (1) enfrentó problemas técnicos con su equipo; (2) experimentó dificultades al someter su recurso mediante el SUMAC; y (3) manifestó también que tuvo problemas de salud que impidieron presentar oportunamente el recurso. No obstante, puntualizamos que estas alegaciones, a manera de excusas, por sí solas y sin someter

evidencia adecuada al respecto, no constituyen causas justificadas para acoger el recurso sometido tardíamente. Conviene recordar que, en nuestro ordenamiento jurídico, las meras excusas o los planteamientos estereotipados no equivalen a la existencia de circunstancias razonables debidamente evidenciadas que nos permitan prorrogar el término de estricto cumplimiento aquí inobservado. Véanse, *Div. Empleados Públicos UGT v. CEMPR*, *supra*, a la pág. 751; *Rivera Marcucci et al. v. Suiza Dairy*, *supra*, a la pág. 168. Por ende, reiteramos que, nos encontramos imposibilitados de asumir la jurisdicción sobre el recurso en cuestión, puesto que no se acreditó adecuadamente la existencia de causas que justifiquen la demora en la presentación de su recurso.

Advertimos, además, que ante los problemas técnicos señalados en cuanto al SUMAC del TA[4], el Sr. Adorno Ortega, por conducto de su representación legal, debió oportunamente explorar los diversos mecanismos existentes para presentar su recurso acompañado de una **Declaración sobre Presentación Física (Formulario OAT 1728)**. En ese sentido, este tenía la alternativa de someter su escrito personalmente en la Secretaría del Tribunal o al buzón de presentaciones. De no resultar tales vías, también tenía la opción de radicar el recurso a través del correo electrónico provisto en las Directrices Administrativas, siempre y cuando solicitara la autorización. Sin embargo, contemplamos que el peticionario no optó por acoger tales mecanismos de presentación, y sometió su Recurso de *Certiorari*, una vez venció el término de estricto cumplimiento.

En virtud de lo anterior, concluimos que carecemos de jurisdicción, toda vez que el Sr. Adorno García presentó

---

[4] Véase, entrada 2 del SUMAC del TA, la Moción de Justa Causa prestada por el peticionario, a la pág. 2.

tardíamente su recurso, sin acreditar la existencia de justa causa, que nos permitiera acoger su escrito sometido en exceso del término de cumplimiento estricto. Por tanto, desestimamos el recurso radicado por el peticionario, de conformidad con la Regla 83(B)(2) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte de esta Resolución, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones